UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00171-MOC-DLH

| | |
|---|---|
| **JIM SIEMENS; AND** | )
| **SIEMENS REAL ESTATE HOLDINGS, LLC,** | )
| | )
| Plaintiffs, | )
| | )
| Vs. | )  ORDER
| | )
| **CITY OF ASHEVILLE NC,** | )
| | )
| Defendant. | )

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss (#6) and Motion to Remand (#7). Defendant has filed a Response (#8) and plaintiffs have not filed a Reply within the time allowed.

In this case, plaintiffs challenge unfavorable decisions by the Asheville, North Carolina, City Council on plaintiffs request to rezone their property. Plaintiffs contend that such decisions were unlawful and that certain provisions of the Unified Development Ordinance are unconstitutional under both North Carolina and federal law. In the Tenth and Eleventh causes of action, plaintiffs allege violations of the their substantive due process and equal protection rights under both the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. On June 29, 2017, defendant timely removed this action to this court correctly asserting that because plaintiffs had asserted federal constitutional claims, this court had original jurisdiction. Plaintiffs do not appear to challenge the removal in their Motion to Remand, but simply ask that if the court allows them to dismiss their federal claims as requested

1

in their Motion to Dismiss, that the court decline to exercise its supplemental jurisdiction over the remaining state-law claims and remand the action to state court.

While this court completely agrees with plaintiffs that this matter is better resolved in the North Carolina General Court of Justice inasmuch as it concerns a zoning dispute that is particularly local, defendant has correctly pointed the court to prevailing law which provides that a plaintiff, having alleged federal claims and having been removed to federal court, cannot bypass that unwanted change in venue by moving to dismiss select federal claims under Rule 41, Federal Rules of Civil Procedure.

In relevant part, Rule 41 provides that "an <u>action</u> may be dismissed at the plaintiff's request … by court order, on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2) (emphasis added). Thus, Rule 41(a) applies only to the dismissal of *actions* in federal court, and not individual *claims*. <u>Gronholz v. Sears, Roebuck and Co.</u>, 836 F.2d 515 (Fed. Cir. 1987); <u>Elat v. Ngoubene</u>, 993 F. Supp. 2d 497 (D. Md. 2014); <u>Acts Retirement-Life Communities, Inc. v. Town of Columbus</u>, No. 1:11cv50, 2011 WL 4449298 (W.D.N.C. Sept. 26, 201). In <u>Acts Retirement-Life Communities, Inc.</u>, the court held as follows:

> Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request on the terms that the Court deems proper. Fed.R. Civ. P. 41(a)(2). 'The purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly prejudiced.' *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Rule 41, however, applies to the dismissal of actions, not claims. *See Skinner v. First Am. Bank of Va.*, 64 F.3d 659 (4th Cir. 1995) (unpublished decision). The proper procedural mechanism for Plaintiff to dismiss its federal claims and litigate the remaining state law claims in state court is to move to dismiss the entire action pursuant to Rule 41 and then re-file the action in state court without the federal claims. In the alternative, Plaintiff could request leave to amend the Complaint pursuant to Rule 15 and file an amended complaint that removed all the federal claims. Plaintiff, however, may not obtain a dismissal of its federal claims pursuant to Rule 41.

<u>Id.</u> at *1 (some citations omitted).

While the undersigned dislikes hyper-technical reading of rules, it is fairly settled at this point that Rule 41 does not provide plaintiffs with a mechanism to secure the relief they seek. There are, however, at least two avenues of relief available to plaintiffs. The instant motions will, therefore, be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Dismiss (#6) and Motion to Remand (#7) are **DENIED**.

Signed: August 17, 2017

Max O. Cogburn Jr.
United States District Judge